E-FILED
Monday, 27 September, 2004  02:55:39 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

United states of America,  )
       Respondent,  )
                    )
                    ) Case No. 00-40004-001
Vs.  )
                    )
Raymond F. Pitts,  )
      Petitioner/Movant,  )

FILED
SEP 2 4 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**MOTION REQUESTING LEAVE FROM THIS HONORABLE COURT
TO FILE THIS MATTER PURSANT TO AN APPLICATION
UNDER THE 28 USC § 2255 MOTION ATTACKING SENTENCE**

    Come Now, the Movant, Raymond F. Pitts appearance in Pro se, requesting this Honorable Court by motion to file this application pursuant to Title 28 U.S.C § 2255 motion attacking his sentence, Raymond F. Pitts is a Federal prisoner in custody and states in this matter before this honorable Court that the sentence impose was imposed in an illegal manner and that the sentencing Court was without jurisdiction to impose the sentence and that the sentence was in excess of the maximum authorized by law.

    Movant Raymond F. Pitts asserts that his sentence is unconstitutional according to <u>Apprendi Vs. New Jersey</u>.

    Movant Raymond F. Pitts asserts that his sentence is unconstitutional according to <u>Blakely Vs. Washington</u>.

GROUNDS ONE

    Pro se Movant Raymond F. Pitts, Moves this Honorable Court to vacte his sentence because his sentence was impose unconstitutionally, when he was sentence over his guideline

(1)

maximum according to <u>Apprendi Vs. New Jersey</u>, See; Facts One.

## GROUNDS TWO

Pro se Movant Raymond F. Pitts, Moves this Honorable Court to vacate his sentence because his sentence was imposed unconstitutionally, when he was sentenced to an enhanced sentence using drug quantities that was not alleged in his indictment, admitted by him, or proven to a jury beyond a reasonable doubt in violation of <u>Blakely Vs. Washington</u>, See: Facts Two.

FACT ONE

Pro se Movant Raymond F. Pitts was sentenced unconstitutionally over his guideline maximum of 150 months, when the court used additional facts (drug quantity) that was not in his indictment, admitted by him, or proven to a jury beyond a reasonable doubt, in violation of Apprendi.

On October 19, 2000, a Superceding Indictment was filed, charging the Movant with Conspiracy to possession with intent to distribute, 5 grams or more of cocaine base and heroin but no quantity amount for Count One, in violation of Title 21 U.S.C §§ 846, 841. Count Two, Possession with intent to distribute 5 grams or more of Cocaine Base but no quantity amount allege for heroin, in violation of Title 21 U.S.C § 841. Count Three, Possession of Ammunition, in violation of Title 18 U.S.C §§ 922(g) and 924(e).

On November 1, 2000, the Counts if the Original Indictment filed January 19, 2000 were dismissed due to the filing of the Superceding Indictment.

On January 17, 2001, a second Superceding Indictment was filed, filing the same charges as the first Superceding Indictment for Count One, Two and Three but just adding a couple of names.

On June 1, 2001, the Movant Raymond F. Pitts pleaded guilty to Count One of the second Superceding Indictment, in which the Government droped Counts Two and Three in that indictment pursuant to a plea bargain.

The Movant contends that because his indictment only alleged a violation of 5 grams of Cocaine Base, his offence level should have been a level 26 and with a crimial history category of VI,

(3)

his guideline range should have only been at 120 to 150 months. The movant was given an offense level of 40 after the court took into consideration the P.S.I report which alleged the Movant was responsible for a substancial amount of controlled substances that was not alleged in the indictment, submitted to a jury and proven beyond a rasonable doubt. When the Court sentence the Movant over his guideline maximum of 150 months using additional facts that was not desided by a jury or admitted by the Movant, the Court violated the Movants U.S. Constitutiona rights under 5th, 6th, and 14th Amendment.

The United States Supreme Court in the case of <u>Apprendi Vs. New Jersey</u>, U.S., 120 S.Ct. 2348 (2000), which held that "Any facts (exclusive of prior criminal history) which increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt".

The Movant understands that, when he was sentence in 2001, most circuits was interpreting the statutory maximum for Apprendi purpose as being based on the quantity alleged in the indictment which could put a person in a certain range under Title 21 U.S.C § 841 (a)(1) of either (B)(1)(c), which is 10 to Life, (B)(1)(b), which is 5 to 40 and (B)(1)(c), which is 0 to 20 years but after the United States Supreme Courts resent decision in <u>Blakely Vs. Washington</u>, 124 S.Ct. 2531 (U.S. Wash 2004), which clarifies <u>Apprendi</u> and the statutory maximum, we now know what the Supreme Court ment in Apprendi on the statutory maximum as being the relevant guideline maximum.

The Court stated in the Blakely decision "Our precedents

(4)

make clear however, that the statutory maximum for Apprendi purposes is the maximum sentence a Judge may impose solely on the basis of the facts reflected in the jurys verdict or admitted by the defendant, In other words the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings".

The Movant was sentenced incorrectly according to Apprendi, when the Court sentence him over his guideline range using additional facts (drug amount) that was not alledge in his indictment, found by a jury and proven beyond a reasonable doubt. The Movants guideline maximum is 150 months according to the amount alleged in his indictment of 5 grams of Cocaine Base and with a crimial history category of VI.

The Movant motions this Honorable Court to vacate his sentence and resentence him to his guideline range of 120 to 150 months.

GROUND TWO

Pro se Movant Raymond F. Pitts was sentence unconstitutionally to additional facts that was not alleged in his indictment, desided by jury or admitted by him in violation of Blakely Vs. Washington, 124 S.Ct. 2531 (U.S. Wash, 2004)

On January 17, 2001, The Movant Raymond F. Pitts was indicded on a second Superceding Indictment charging him with Three Counts. Count One, Conspiracy to possession with intent to distribute 5 grams or more of Cocaine Base and Heroin but no quantity amount in violation of Title 21 U.S.C §§ 846, 841 and Count Two Possession

with intent to distribute 5 grams or more of Cocaine Base and heroin but no quantity amount in violation of Title 21 U.S.C § 841, and Count Three, Possession of Ammunition in violation of Title 18 U.S.C § § 922(g), 924(e).

On June 1, 2001, The Movant Raymond F. Pitts pleaded guilty to count one of the Superceding Indictment, in which the government dropped counts two and three in the Indictment pursuant to a plea bargain.

On October 3, 2001, Movant Raymond F. Pitts sentencing was set for that date.

On 9/10/01, the P.S.I report was revised.

The Movant Raymond F. Pitts contends that the court was without juridiction to sentence him to any additional facts that was not alleged in his indictment. The Court went outside its Jurisdiction when it took into consideration the P.S.I report, which alleged the movant was resposible for 90,460.19 KG of marijuana in which was a conversion from a large amount of cocaine base and heroin, see: P.S.I report page 10-14. This put the movant at an offense level of 38. These drug quantity was extra facts that was not alleged in the indictment or admitted by the movant.

On June 24, 2004, The United States Supreme Court issued its opinion in <u>Blakely Vs Washington</u>, 124 S.Ct. 2531 (U.S. Wash. 2004) addressing an increase in the defendant's sentence under the Washington State sentencing guideline. Blakely pled guilty to second degree kindnapping involving a firearm which subjected Blakely to a standard range of 49 to 53 months. This standard range could only be increased if a Judge found substantial and

(6)

**CERTIFICATE OF SERVICE**

The undersigned hereby cerifies that a copy of the Title 28 U.S.C 2255 from Pro Se defendant Raymond F. Pitts was placed in the United States Mail, postage-prepaid on this 21st day of September, 2004 addressed to the United States Assistant Attorney Donald B. Allegro for Rock Island Division, 1830 Second Avenue, Rock Island, Illinois 61201.

Defendant Raymond F. Pitts asks for this Title 28 U.S.C 2255 and certificate of service to be filed for the date sent by <u>Houston Vs Lack</u>, 101 L.Ed2d 245, Because the defendant Raymond F. Pitts is a Pro Se inmate.

The date signed will be the date sent, God willing.

I declare under penalty of perjury that the foregoing is true and correct.

DATED THIS 21st DAY OF SEPTEMBER, 2004

*Raymond F. Pitts*  Pro Se
Raymond F. Pitts ( 16664-047 )
Federal Correctional Institution
9595 West Quincy Ave
Littleton, CO 80123

## THIS 2255 IS FILED TIMELY

The Appeals Court made its decision on Movants Raymond F. Pitts direct appeal on 3-4-03.

On 10-6-03, Movant Raymond F. Pitts Writ of Certiorari was denied.

On 10-6-03, Movant Raymond F. Pitts conviction became final and he has 1-year from that date to put in his 2255 under sub(1) which means Movant Raymond F. Pitts 2255 has to be in by 10-6-04.

This makes Movant Raymond F. Pitts 2255 petition timely. If for some strange reason the Court disagrees with this, then Movants 2255 would also be timely under sub(4) of 2255 because Movant Raymond F. Pitts has exercise due diligence to discover the facts for the 2255 without the help of an attorney because he has been Pro se since 10-6-03.

## UNDER RULE 4 (A)(B) FOR TITLE 28 USC § 2255

The sentencing Judge should order the U.S. Attorney office to respond to Movant Raymond F. Pitts 2255. If the sentencing Judge does not order the U.S. Attorney to reply, Movant Raymond F. Pitts believes that Rule 4 of Subsection 2255 and the U.S. Constitution (especially the 1st, 5th, 6th, and possibly the 14th Amendment) would be violated, and there would be no justice for Movant Raymond F. Pitts case.