E-FILED
Friday, 01 October, 2004  09:08:20 AM
Clerk, U.S. District Court, ILCD

FILED
SEP 29 2004
U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RAYMOND F. PITTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-4062 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is now before the Court on Petitioner, Raymond Pitts' ("Pitts"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the § 2255 Motion is DISMISSED.

### BACKGROUND AND PROCEDURAL HISTORY

On October 3, 2001, Pitts was sentenced to a term of 324 months after pleading guilty to charges of conspiracy to possess with intent to distribute cocaine base. The Judgment and Commitment Order was entered on October 11, 2001. He pursued an appeal to the Seventh Circuit Court of Appeals, and the Mandate affirming his conviction and sentence issued on March 27, 2003. Accordingly, Pitts' conviction became final no later than May 26, 2003, when his time for filing a petition for certiorari to the United States Supreme Court ran out.

On September 21, 2004, Pitts filed the instant action seeking collateral review of his conviction and sentence based on the recent Supreme Court decisions in

Apprendi v. New Jersey, __ U.S. __, 120 S.Ct. 2348 (2000), and Blakely v. Washington, __ U.S. __, 124 S.Ct. 2531 (2004).  This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a collateral attack on a federal sentence.  The present case is covered by 28 U.S.C. § 2255, which states in relevant part:

> A 1 year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the present case, Pitts alleges that he is entitled to relief because was sentenced over the guideline maximum contrary to the holding of Apprendi and received an enhancement to his sentence that was not proven beyond a reasonable doubt in accordance with Blakely.  Accordingly, this case does not involve the application of sub-sections (2) or (4) above.

The Court first notes that this motion fails under sub-section (1) of § 2255. In the present case, Pitts' direct attack on his conviction became final no later than May 26, 2003. However, he did not submit his § 2255 until September 21, 2004, nearly four months after his period of limitations expired. In other words, the more than 15 months that elapsed between the date his Judgment became final on direct review and the submission of his § 2255 motion exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a motion under § 2255. Therefore, his Motion must be dismissed as untimely unless it can come within the contours of sub-section (3) above.

While it is possible that Pitts could be attempting to invoke sub-section (3) based on the recent decision in Blakely, he cannot clear that hurdle at the present time as Blakely has not been made retroactively applicable to cases on collateral review. Recent Seventh Circuit cases addressing successive motions made in the wake of Blakely have found such claims to be premature and recommended dismissing the motions without prejudice to renewal should the Supreme Court make the rule announced in Blakely applicable in cases on collateral review. Simpson v. United States, __ F.3d __, 2004 WL 1636965, at *1 (7th Cir. July 23, 2004). However, unlike the situation in Simpson, the present challenge represents Pitts' first § 2255 motion rather than a successive collateral attack.

What remains then is the question of whether Blakely can apply retroactively on initial collateral attacks. In Ashley v. United States, 266 F.3d 671, 673 (7th Cir.

2001), the Seventh Circuit concluded in the context of an Apprendi challenge that "[a] district judge may determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under § 2244(b)(2)(A) or § 2255" by applying the retroactivity criteria set forth in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989). Id. at *3. Given the close relationship between Blakely and Apprendi, the Court assumes arguendo that the same directive would apply for consideration of initial collateral claims brought pursuant to Blakely and will proceed to conduct this analysis.

In Teague, the Supreme Court held that subject to two narrow exceptions, new rules of constitutional law cannot be applied retroactively to cases on collateral review. Teague, 489 U.S. at 311. The two exceptions permit a new rule to be raised collaterally if (1) it is a "watershed" rule implicating the fundamental fairness of the trial or (2) the rule places certain kinds of private, individual conduct beyond the power of the criminal law-making authority. Id. at 311-12. Of the two exceptions, only the first is arguably applicable to the facts of this case.

Although Blakely could be argued to be a "new rule" in the sense that the result was not dictated by precedent existing at the time Pitts' conviction became final, the Court finds that it is more logically viewed as an extension of the rule announced in Apprendi. However, even assuming that Blakely could properly be deemed a "new rule," the Court finds that it would nevertheless fail to fall within the first Teague exception in that it does not implicate the accuracy and fundamental fairness of

criminal proceedings or the central core of procedures that are "implicit in the concept of ordered liberty" as defined in Teague and subsequent case law. Id. at 312. While the Court does find that Blakely may in some respects improve the accuracy of the fact-finding process in that it imposes a greater burden on the Government to prove certain factual issues to a jury beyond a reasonable doubt rather than to a judge by a preponderance of the evidence, this is not enough to qualify for the watershed exception, as the Supreme Court has held that the new rule must not only improve the accuracy of the trial, but also "assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Id. at 312; United States v. Moss, 252 F.3d 993, 998-99 (8th Cir. 2001). "The exception therefore applies only to 'those new procedures without which the likelihood of an accurate conviction is seriously diminished.'" Id. at 999, *citing* Teague, 489 U.S. at 313.

Rather than protecting the innocent from being convicted, the principles announced in Blakely merely limit the sentencing exposure of individuals who are otherwise validly convicted of the underlying crimes. *See* Moss, 252 F.3d at 999.

> It is . . . not enough under *Teague* to say that a new rule is aimed at improving the accuracy of trial. More is required. A rule that qualifies under this exception must not only improve accuracy, but also alter our understanding of the *bedrock procedural elements* essential to the fairness of a proceeding.

Id., *citing* Sawyer v. Smith, 497 U.S. 227, 242, 110 S.Ct. 2822 (1990). The Supreme Court gave an example of the magnitude and type of change necessary in order to

qualify as a watershed rule when it used Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963), as the prototype for the application of the exception.  Requiring certain factors that primarily impact sentencing to be established during trial rather than after a valid conviction is simply not on par with the announcement of a fundamental right to counsel in all criminal trials for serious offenses. Id. at 999-1000; *see also,* McCoy v. United States, 2001 WL 1131653, at *8-9 (11th Cir. Sept. 25, 2001).

The Court's conclusion is also bolstered by the fact that on the same day that it decided Blakely, the Supreme Court invoked similar reasoning in holding that the extension of Apprendi contained in Ring v. Arizona, 536 U.S. 584 (2002), does not apply retroactively to collateral attacks.  The Court sees no compelling reason why the same result should not necessarily follow with respect to Blakely and therefore joins the Eleventh Circuit and other district courts that have addressed this specific issue in concluding that, like Apprendi, Blakely does not apply retroactively to cases on collateral review under the criteria set forth in Teague.  In re Dean, __ F.3d __, 2004 WL 1534788, at *3 (11th Cir. July 9, 2004); Garcia v. United States, 2004 WL 1752588, at *5 (N.D.N.Y. Aug. 4, 2004); Patterson v. United States, 2004 WL 1615058, at *4 (E.D.Mich. July 2, 2004).  Accordingly, as Apprendi had been held to be non-retroactive and having reached the same conclusion with respect to Blakely, Pitts' motion is both untimely and without merit.

## CONCLUSION

For the reasons set forth herein, Pitts' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DISMISSED. This matter is now TERMINATED.

ENTERED this 29th day of September, 2004.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge