E-FILED
Wednesday, 20 October, 2004 08:35:14 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**AT ROCK ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Respondent, | )<br>)<br>) | CA. 00-40004-001 |
| | )<br>) | Civil Pro. Rule 59(e)<br>Motion to Alter, Amend, and |
| vs. | )<br>) | Reconsider the Movants 2255<br>that was dismissed on |
| RAYMOND F. PITTS,<br>Petitioner/Movant, | )<br>) | September 29, 2004. |

04-4062                    OCT 1 8 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**COME NOW,** Movant Raymond F. Pitts litigating in Pro se motions this Honorable court under Civil Pro. Rule 59(e) to Alter, Amend, and reconsider Three Issues. 1) The dismissal of his 2255 as being untimely. 2) Never given notice before dismissal 3) Never address movants Apprendi Issue.

**TIMELY FILED**

This motion is timely filed under Civil Pro. 59(e) to Alter Amend, and Reconsider.

Movants 2255 was dismissed on September 29, 2004.

Movant received the order on October 8, 2004.

**BACKGROUND**

On October 3, 2004, Movant Raymond F. Pitts was sentenced to a term of 324 months after pleading guilty to charges of Conspiracy to Posses with intent to distribute Cocaine base. The Judgement and commitment order was entered on October 11, 2001. The Movant filed an appeal to the Seventh Circuit Court of Appeals, and mandate affirming his conviction and sentence issued on March 27, 2003.

The movant Petition to the U.S. Supreme Court, which was denied on October 6, 2003.

On September 21, 2004, The Movants Title 28 U.S.C 2255 was filed.

On September 29, 2004, The movants 2255 was dismissed as being untimely.

**ISSUE (1)**                **Error in dismissing 2255**

This Court handed down an order on September 29, 2004, dismissing the Movants Raymond F. Pitts 2255 as being untimely.

The movant motions this Court to call back its order.

**ARGUMENT**

The Movant contends that his 2255 was filed timely.

The Movants Direct appeal was affirmed on March 27, 2003. The movants Attorney then filed a Petition for a Writ of Certiorari in the U.S. Supreme Court, which was later denied on October 6, 2003.

The Movants conviction became final on October 6, 2003, the same day his Writ of Certiorari was denied. The Courts assertion that the movants conviction became final in May 26, 2003 is incorrect and error. The courts assertion would be correct if the movant never petition for a Writ of Certiorari, then the movant would have 3 months from the time his direct appeal was denied to file a Writ of Certiorari and then only after that time has run out will the movants conviction would became final in this situation but the movants Attorney did petition for Writ of Ceriorari. If the court would look a Exibit-A in this motion, the court will see a copy of the U.S. Supreme Court order denying the movants petitions for Writ of Certiorari dated From October 6, 2003.

(2)

The movant have one year from October 6, 2003 to file his Title 28 U.S.C 2255 which would be October 6, 2004. The movant 2255 was filed on September 21, 2004 fifteen days before October 6, 2004 when his 2255 was do to be filed.

### CONCLUSION

The Movant Raymond F. Pitts motions this Honorable court to call back its order dismissing the movants 2255 as untimely for the forgoing reasons.

## ISSUE (3)    NOTICE AND AN OPPORTUNITY TO BE HEARD

The Movant contends that he should have been given notice and an opportunity to be heard before his 2255 was dismissed.

See: ACOSTA vs ARTUZ 221 F3d 117, 124 (2nd Cir 2000), "Notice and an Opportunity to be heard - Long standing general rule is that a court may not dismissed an action without providing the adversely affected party with notice and an opportunity to be heard". also see: SHOCKLEY VS JONES 823 F2d 1068, 1072 (7th Cir 1987), See; HEALTH COST CONTROLS VS SKINNER, 44 F3d 535, 538 (7th Cir 1995).

" A District Court's use of the summery dismissal power is not without limits. A habeas court must give a petitioner notice of the procedural default and an opportunity to respond to the argument for dismissal. When dealing with a Pro se petitioner, the Court must make clear the precedural default at issue and the consequences for failing to respond. see; HERBST VS COOK, 260 F3d 1039 at 1043 (9th Cir 2001)

## CONCLUSION

The movant motions this Honorable Court to call back its order dismissing his 2255 as being untimely and consider both his issues.

## ISSUE (3)  COURT NEVER ADDRESS THE MOVANTS APPRENDI ISSUE

The movant Raymond F. Pitts motions this Honorable court to address his Apprendi issue.

The movant contends that even if the Supreme Court comes back from its session and rule that Blakely is not retroactive, the movant still will have an Apprendi issue because Blakely only clarifies Apprendi and the Statutory and Guideline Maximum. the Movant contends on his Apprendi issue that he was sentence over his guideline Maximum with additional facts.

## CONCLUSION

The Motions this Honorable Court to consider his Apprendi issue since he was sentenced after Apprendi was desided.

(4)

**EXHIBIT - A**

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

RECEIVED

OCT 1 0 2003

BY:_____

**William K. Suter**
Clerk of the Court
(202) 479-3011

October 6, 2003

Mr. George F. Taseff
Assistant Federal Public Defender
401 Main Street
Suite 1500
Peoria, IL  61602

     Re:  Raymond F. Pitts, aka Lonnie D. Sanders, and Erik T. Alexander,
          aka John Eugene Mills, aka Bruce Bones
          v. United States
          No. 02-11020

Dear Mr. Taseff:

The Court today entered the following order in the above entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

William K. Suter, Clerk

# United States Court of Appeals

### For the Seventh Circuit

### Chicago, Illinois 60604

### JUDGMENT - WITH ORAL ARGUMENT

**Date: March 4, 2003**

**BEFORE:**          Honorable ILANA DIAMOND ROVNER, Circuit Judge

Honorable DIANE P. WOOD, Circuit Judge

Honorable TERENCE T. EVANS, Circuit Judge

Nos. 01-3643 and 01-3644

UNITED STATES OF AMERICA,
            Plaintiff - Appellee
      v.

RAYMOND F. PITTS, a/k/a
LONNIE D. SANDERS, and
ERIK T. ALEXANDER, a/k/a
JOHN EUGENE MILLS, a/k/a
BRUCE BONES,
            Defendants - Appellants


Appeals from the United States District Court for the
Central District of Illinois
No. 00 CR 40004, Michael M. Mihm, Judge

      The judgment of the District Court is AFFIRMED,
   in accordance with the decision of this court entered on this date.

(1061-110393)

The Movant Raymond F. Pitts ask that this Motion Under Civil Rule 59(e) be filed for date sent under <u>Houston vs. Lack</u>, 101 L.Ed 245, Because he is a Pro se inmate.

The date signed will be the date sent God willing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 13th day of October, 2004

_Raymond Pitts_    Pro se
Raymond F. Pitts(16664-047-U/E)
Federal Correctional Institution
9595 West Quincy Ave
Littleton, CO 80123

(5)