E-FILED
Friday, 04 February, 2005  03:22:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RAYMOND F. PITTS,            )
                             )
        Petitioner,          )
                             )
v.                           )   Case No. 04-4062
                             )
UNITED STATES OF AMERICA,    )
                             )
        Respondent.          )

## ORDER

Now before the Court is Petitioner, Raymond Pitts' ("Pitts"), Notice of Appeal, which the Court construes as a Motion for Certificate of Appealability. As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 now requires the issuance of a certificate of appealability prior to obtaining appellate review. A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right. The certificate must specify what issue(s) merit appellate review.

In the case at bar, Pitts sought collateral review of his conviction and sentence based on the recent Supreme Court decisions in Apprendi v. New Jersey, ___ U.S. ___, 120 S.Ct. 2348 (2000), and Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004). The Court first determined that the holding in Apprendi was well known and available at the time of Pitts' direct appeal. If he believed that he had any claim based on Apprendi to make, it should have been made at that time. However, he failed to do so, and the Court found that his failure to raise any Apprendi claim on direct appeal when such a claim was clearly available to him precluded him from raising such a claim for the first time in this §

2255 Motion. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994); Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996).

The Court then found that Blakely, like Apprendi, does not apply retroactively to cases on collateral review under the criteria set forth in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989). In addition, the Seventh Circuit has now clearly and unambiguously held that Blakely and its extension in United States v. Booker, No. 04-104 (U.S. Jan. 12, 2005), do not apply retroactively to criminal cases that became final before their release. McReynolds, et al. v. United States, Nos. 04-2520, 04-2632, and 04-2844 (7th Cir. Feb. 2, 2005). Accordingly, any attempt by Pitts to pursue collateral relief based on these decisions would be futile.

In considering whether a certificate of appealability should issue, the Court cannot find that Pitts has made a substantial showing of the denial of a constitutional right as no claims raised before this Court come close to presenting issues debatable among jurists of reason under the present state of the law. Finding no issue in this proceeding which warrants appellate review, the Court cannot in good faith issue a

certificate of appealability for Pitts' § 2255 Motion. Accordingly, his Motion for Certificate of Appealability is DENIED.

ENTERED this 3rd day of February, 2005.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge